IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-1097-JG-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ELIZABETH ANN BROWNING FIGUEROA, | ) ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for continuation of the hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the initial session of the hearing, on 3 March 2014 (*see* D.E. 10), the government presented the testimony of a Durham County Deputy Sheriff on a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. At today's session, the government presented no further evidence, and defendant presented no evidence. The court also reviewed the pretrial services report. For the reasons stated below and in open court, the government's motion is GRANTED.

## Background

Defendant was charged in a two-count indictment in the Middle District of North Carolina on 25 February 2014 with robbery of a convenience store, and aiding and abetting the same, on 19 August 2012, in violation of 18 U.S.C. §§ 1951 and 2; and carrying and using by brandishing a firearm during and in relation to the robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. The evidence presented at the hearing showed that defendant assisted her then co-defendant boyfriend, Cesar Fuentes-Ruiz ("Fuentes"), in the robbery of the victim convenience store. She entered the store and asked another customer whether the owner of the store had collected the till. About ten minutes after she left the store, the co-defendant entered it

brandishing a rifle. The clerk gave him about $130. Fuentes subsequently pled guilty to the charges against him, implicated defendant in the robbery in post-plea statements to authorities, and will testify against defendant at trial pursuant to the plea agreement.

## Discussion

Given the charge against defendant under § 924(c), the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the credible information and argument submitted shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if she were released. This alternative finding is based on, among other factors: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offenses charged; the circumstances of the offenses charged, including the brandishing of the rifle by Fuentes; defendant's prior failures to appear, albeit in relatively old traffic cases; the substantial prison term defendant faces if convicted, including the mandatory minimum incarceration on the § 924(c) charge; the danger of continued, seemingly impulsive offense conduct by defendant if released; the absence of a proposed third-party custodian; and the other findings and reasons stated in open court.

2

The court considered evidence offered as mitigating for purposes of this alternative analysis, such as the absence of a felony conviction for defendant and her alleged compliance with the conditions of release on the related state charges during the approximately two months—20 August 2012 to 11 September 2012—they were pending. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 5th day of March 2014.

James E. Gates
United States Magistrate Judge

3